**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46580-9-II |
| Respondent, | |
| v. | |
| DANIEL MIKEL STIEF, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — Daniel Stief appeals his conviction and sentence for second degree burglary and first degree robbery.[1] The convictions arose from Stief's theft of old radiators from Ray Bettger's property, which were in Stief's car along with a television with a removed serial number sticker. We hold that (1) even if the trial court erred in admitting evidence that the television was in Stief's car, the error was harmless; (2) the State presented sufficient evidence of both second degree burglary and first degree robbery, and (3) the trial court made a clerical error by failing to note in the judgment and sentence that the burglary and robbery convictions involved the same criminal conduct. Accordingly, we affirm Stief's convictions, but remand for the trial court to correct the clerical error in the judgment and sentence.

FACTS

Bettger lives in rural Clark County on property that is set back from the main road and accessible by a single driveway. The property is enclosed by a fence on which a private property sign and no trespassing sign are posted.

---

[1] Stief also was convicted of possession of methamphetamine, but he does not appeal that conviction.

On May 22, 2014, Bettger heard his door bell ring. He assumed it was a delivery and did not answer the door. When Bettger checked outside a few minutes later, he saw an unfamiliar car on his property. He went outside to investigate. Bettger saw Stief nearby and asked what he was doing. Stief said he was there to pick up a water heater. Bettger replied by telling Stief that he was trespassing.

Stief moved rapidly toward his car, and Bettger followed. Bettger noticed that inside the car were three old radiators that he recognized as his property. Stief got into his car, and Bettger moved in front of the open door. Stief tried to close the door at least three times, but the door hit and injured Bettger's leg each time. Bettger then displayed a handgun and grabbed Stief's keys. Stief ran away on foot, but was arrested by a responding officer.

Deputy Alan Earhart obtained a search warrant for Stief's car and discovered a flat screen television buckled into the back seat. The television did not have its serial number sticker attached, but Earhart found the sticker inside a toolbox in the car. Earhart took photographs of the television without the sticker and again after replacing the sticker.

In a motion in limine, Stief argued that the television and serial number sticker were inadmissible because they were not relevant to any of the charged crimes. He argued that the State provided no details about the television or whether it was stolen, and that the evidence was unfairly prejudicial. The State argued that the evidence was admissible as res gestae or to show intent to steal. The trial court ruled the television and sticker were relevant and admissible for the purpose of showing "common scheme, plan, lack of accident or something along those lines." Report of Proceedings (RP) at 6-7. Stief did not argue that the television evidence was inadmissible under ER 404(b).

2

At trial, Earhart testified about finding the television, noticing there was no serial number sticker, and finding a serial number sticker in a toolbox in the car. The trial court admitted the photographs of the television and sticker into evidence. Aside from Earhart's testimony, the State made only a brief reference in closing argument to the television without the serial number.

The jury found Stief guilty of second degree burglary and first degree robbery. At sentencing, the trial court treated the burglary and robbery convictions as the same criminal conduct for purposes of calculating Stief's offender score. However, the trial court did not note this same criminal conduct determination on the judgment and sentence.

Stief appeals his convictions and sentence.

ANALYSIS

A.    ADMISSION OF TELEVISION EVIDENCE

Stief argues that the trial court erred by admitting evidence regarding the television with a removed serial number sticker because it was inadmissible under ER 403.[2] ER 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Stief argues that the television evidence unfairly prejudiced him because it allowed the jury to infer that he

---

[2] Stief primarily argues that the television evidence was inadmissible under ER 404(b). However, Stief did not object to the television evidence based on ER 404(b) in the trial court. Clerk's Papers (CP) at 17; RP 6. Therefore, he waived the error on appeal. *State v. Powell,* 166 Wn.2d 73, 82-84, 206 P.3d 321 (2009) (refusing to reverse the trial court's decision to admit evidence where the defendant argues for reversal based on an evidentiary rule not raised at trial). Accordingly, we decline to consider Stief's ER 404(b) argument.

had stolen the television and was a thief. We hold that even if the television evidence was inadmissible under ER 403, the trial court's admission of that evidence was harmless.

Evidentiary errors require reversal only if the error was not harmless. *State v. Slocum*, 183 Wn. App. 438, 456-57, 333 P.3d 541 (2014). Under the applicable nonconstitutional harmless error test, the question is whether there is a reasonable probability that the outcome of the trial would have been materially affected had the error not occurred. *Id.* at 456. Improperly admitted evidence is harmless if the evidence is of minor significance in reference to the evidence as a whole. *State v. Neal,* 144 Wn.2d 600, 611, 30 P.3d 1255 (2001).

Here, there was only minimal discussion of the television and the removed serial number sticker at trial. Deputy Earhart testified briefly about the removed sticker, but the State did not emphasize the evidence. The State never argued that the television evidence should be used to infer Stief's guilt, and made only a passing reference to the television and the serial number sticker in closing argument. As a result, the fact that Stief had a television that may have been stolen in his car was of minor significance in reference to the evidence as a whole.

Further, the evidence of burglary was overwhelming. The undisputed testimony at trial established that Bettger's property was surrounded by a fence and posted as private property, and that Stief did not have permission to be on Bettger's property or to put the radiators in his car. Stief did not challenge that evidence. Therefore, evidence of the television with a removed serial number sticker would not have materially affected the outcome of Stief's burglary conviction.

Regarding the robbery conviction, the only issue was whether Stief intentionally slammed the door on Bettger's leg and injured him. Even if the television evidence caused the jury to believe Stief had stolen the television, that evidence was immaterial to whether Stief used

intentional force in an attempt to steal the radiators. Therefore, the television evidence would not have materially affected the outcome of Stief's robbery conviction.

Accordingly, we hold that even if admission of the television evidence and the removed serial number sticker was error, that error was harmless.

B.      SUFFICIENCY OF THE EVIDENCE

Stief asserts in a statement of additional grounds (SAG) that the State presented insufficient evidence to show that he committed second degree burglary by (1) entering or remaining unlawfully in a building, because he never entered any dwelling or enclosure or closed gate; (2) taking Bettger's personal property, because he did not remove the radiators from Bettger's property. He also asserts that the State presented insufficient evidence to show that he committed first degree robbery by inflicting bodily harm, because he was unable to reach the car door while Bettger stood in the open doorway. We disagree.

When evaluating the sufficiency of evidence for a conviction, the test is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the fact at issue beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). We will assume the truth of the State's evidence and all reasonable inferences drawn from that evidence when evaluating whether sufficient evidence exists. *Id.* at 106. We will also defer to the trier of fact's resolution of conflicting testimony and evaluation of the persuasiveness of the evidence. *Id.*

Second degree burglary requires the State to prove that the defendant (1) entered or remained unlawfully in a building other than a vehicle or a dwelling (2) with intent to commit a

crime against a person or property therein. RCW 9A.52.030. The State presented sufficient evidence of both elements.

First, there was sufficient evidence that Stief entered or remained unlawfully in a "building." The to-convict instruction stated that the State must prove that the defendant entered or remained unlawfully in a building, and an additional instruction specified that "[b]uilding, in addition to its ordinary meaning, includes any dwelling or *fenced area*." CP 36 (emphasis added). Bettger testified about his property and photographs of the property, showing that it was enclosed by a fence and had posted "private property" and "no trespassing" signs. Earhart testified that during his questioning of Stief, Stief confirmed that he saw the no trespassing signs and that he did not have permission to enter the property. Viewing the evidence in the light most favorable to the State, a rational trier of fact could conclude beyond a reasonable doubt that Stief entered or remained unlawfully in Bettger's fenced property.

Second, there was sufficient evidence that Stief took Bettger's radiators. Bettger testified that, prior to Stief's arrival, the radiators were leaning against the cement foundation outside of his shop. Bettger then testified that when he went outside to speak with Stief he saw the radiators in Stief's car. Earhart also testified that during the execution of the search warrant on Stief's car, he saw the radiators in the back seat. From the evidence, a rational trier of fact could conclude beyond a reasonable doubt that Stief took the radiators from in front of Bettger's garage and placed them in his own car. There is no authority for Stief's suggestion that the State needed to prove that he removed the radiators from Bettger's property in order to meet its burden.

First degree robbery requires the State to prove that the defendant inflicted bodily injury in the commission of a robbery or in immediate flight therefrom. RCW 9A.56.200. Here, the State presented sufficient evidence that Stief closed the car door on Bettger and injured him. Bettger testified that although he did not see Stief's hands on the car door, he was certain that Stief tried to close the door on him. Bettger also testified that he could not have closed the door on himself. Finally, Bettger testified that each time Stief tried to close the door, it hit and injured Bettger's leg. Viewing the evidence in the light most favorable to the State, a rational trier of fact could conclude beyond a reasonable doubt that Stief closed the car door on Bettger's leg and caused bodily harm.

Accordingly, we hold that the State presented sufficient evidence to sustain Stief's convictions for second degree burglary and first degree robbery.

## C. CLERICAL ERROR

Stief argues, and the State concedes, that the trial court made a clerical error in sentencing when it failed to note in the judgment and sentence that the burglary and robbery involved the same criminal conduct. We accept the State's concession.

The trial court did not expressly find that the burglary and robbery convictions constituted the same criminal conduct and therefore counted as one crime for purposes of calculating Stief's offender score. However, the State calculated that the sentencing range for the robbery was 46 to 61 months if the convictions did not constitute the same criminal conduct and 41 to 54 months if they did. The trial court sentenced Stief to 42 months, which is only consistent with a finding that the burglary and robbery convictions constituted the same criminal

No. 46580-9

conduct. But the judgment and sentence does not reflect that the trial court made this determination.

We hold that the trial court made a clerical error by not noting in the judgment and sentence that the burglary and robbery convictions constituted the same criminal conduct. The remedy for clerical error in a judgment and sentence is to remand to the trial court for correction. *In re Pers. Restraint of Mayer,* 128 Wn. App. 694, 701-02, 117 P.3d 353 (2005). Accordingly, we remand with instructions that the trial court state in the judgment and sentence that the burglary and robbery conviction constitute the same criminal conduct for sentencing purposes.

We affirm Stief's convictions, but remand for the trial court to correct the clerical error in the judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

JOHANSON, C.J.

MELNICK, J.

8